WEST 132 FEET OF SOUTH HALF OF SOUTHEAST QUARTER OF SOUTHWEST QUARTER OF SOUTHWEST QUARTER OF SECTION TWENTY-SIX, TOWNSHIP TWENTY-TWO, SOUTH OF RANGE TWENTY-NINE EAST, VIRGINIA BURNS AND JOHN JONES, *Appellants*, v. THE CITY OF ORLANDO, A MUNICIPAL CORPORATION, AND JOHN D. RAMKE, *Appellees.*

## On Rehearing.

1. An uncertain description of property in the caption of a citation in a proceeding in rem may be aided and the notice made sufficient by a correct description in the body of the citation, since reasonable diligence would require the reading of the entire notice.

2. Where a petition for writ of assistance shows a *prima facie* right in petitioner, it becomes the duty of a defendant in his answer, to set up his rights and claims fully and in such manner that his defense may be understood by the petitioner and by the court.

3. If an answer to a petition for writ of assistance sets up a defense, and the petitioner fails to reply thereto, proper practice requires the court to take as true the facts stated in the answer, but if the answer shows no right on the part of the occupant to contest the petitioner's claim of right to possession, the court may ignore the answer and award the writ.

4. The purchaser of property at a public sale under a foreclosure decree filed his petition for writ of assistance against parties who were strangers to the foreclosure proceedings and who by their answer failed to show that they had any interest in the property except that of bare possession and failed to show when such possession began, but who assumed to defend on behalf of others as alleged owners: *Held*, That where the court in the foreclosure proceeding appeared on the face of the record to have had jurisdiction, the regularity of such proceeding could not be put in issue by such persons in resisting the application for a writ of assistance.

5. Courts are bound to take notice of the limits of their authority, and if want of jurisdiction appears at any stage of the proceeding, original or appellate, the court should notice the defect and enter an appropriate order, but where the jurisdictional steps prescribed by statute in a proceeding in view appear on the face of the record to have been regularly taken, the court has no power to look behind the record into alleged extrinsic facts tending to impeach the jurisdiction, at the instance of one who shows no title or interest in the property other than bare possession, and who seeks to raise such question on behalf of others.

Judgment affirmed.

*Jones & Jones,* for Appellants;

*Massey & Warlow,* for Appellees.

REAVES, Circuit Judge.—Upon petition for rehearing it was suggested that the description of the property named as defendant, while appearing in the caption or style of the cause, in the citation as published, as indicated in our former opinion, the property is correctly described in the body of the citation. Upon examination we found this to be true, and a rehearing was granted and counsel for the respective parties given time to file briefs upon the question of jurisdiction. The citation or notice, as published is as follows:

"Bill in Chancery to Enforce Tax Lien.

City of Orlando,
      vs.
The west 132 feet of south half of southeast quarter of southwest quarter, southwest quarter of Section 26, Township 22 South, Range 29 East.

To All Whom It May Concern:

Upon application to the City Solicitor it is hereby ordered that on or before the October rule day next, being October 4, A. D. 1915, in said court, you appear to and answer the bill filed and set forth in the nature of your respective interests, in, rights to, or liens upon real estate situate in the City of Orlando, and described as in the bill as the west 132 feet of the south half of southeast quarter of southwest quarter of southwest quarter of Section 26, Township 22 South, Range 29 East. It is further ordered that this order be published in the South Florida

Sentinel, a newspaper published in said city, once a week for four successive weeks prior to said rule day.

Witness my hand and seal of said Circuit Court this 1st day of September, A. D. 1915.

                    B. M. ROBINSON,
          Clerk Circuit Court, Orange County.
                    By M. A. HOWARD,
                         Deputy Clerk."

The statute providing the terms, and period of publication, of the order in such cases, is as follows (pp. 311-312, Acts 1905):

"Upon application of the City Solicitor, the Clerk of the Circuit Court shall make an order of publication of notice to all persons having any interest, or right, whether as owners, lien-holders or otherwise in such real estate, which notice shall be addressed 'To All Whom It May Concern,' requiring them on or before a rule day to be fixed by such order to appear to and answer such bill and set forth the nature of their respective interests in, rights to and liens upon the said real estate; which order shall be entitled with the names of the parties named in the bill and shall contain a description of the real estate and shall be published in a newspaper published in the city once a week for any four consecutive weeks prior to the sale" (evidently meant *rule*) "day fixed in such order, and in all suits in which such order and publication shall be made the interests, rights, and liens of all persons in, to and upon such real estate, whether such persons be named as defendants in the bill or not, shall be foreclosed and their respective interests, rights and liens shall by the proceedings be affected thereby to the same extent as though they were named and duly served and had appeared as parties defendant in such suit."

There being no party named as defendant, except the land proceeded against, the attempt was undoubtedly made to describe the land in the caption of the citation and then again in the body of the citation. Speaking of the description used in the caption, we held that it was so uncertain as not to be reasonably calculated to bring the proceedings to the knowledge of parties who might use ordinary diligence in looking after their interest in the land involved. But inasmuch as the correct description is given in the body of the citation, which fact escaped our notice when the previous opinion was written, we believe that reasonable diligence would require the reading of the entire notice and that one interested in the property could not, and would not, if confused by the uncertainty of the description in the caption fail to be advised by the correct description in the body of the citation. We are, therefore, unable to say that the citation was not sufficient and that the court did not acquire jurisdiction. Because the description in the caption of the citation is more conspicuous and affords a much more ready reference than that in the body, and a similar omission of the preposition "of" occurring in the notice of sale, was very prominently stressed in the briefs, it was easy to overlook the fact that the citation contained a repetition of the description in correct form.

Turning now to the multitude of assignments of error, thirty-five in all, we are confronted with what seems to be an insuperable obstacle to the consideration of any of them. It does not appear that the parties against whom the writ of assistance was issued; namely, Virginia Burns and John Jones, have any interest whatever in the property involved. The petition says that these parties are in possession of the property and their answer admits

such possession, but when the possession was acquired, under whom it is held, whether as trespassers or of right and what the nature of that right is, if any, the answer is wholly silent. The answer is very lengthy and attacks the foreclosure proceeding from many angles, but it nowhere shows any such right or interest in the said Virginia Burns and John Jones, or either of them, as will enable the court to pass upon the questions attempted to be raised. These parties are certainly strangers to the record in foreclosure. They show no interest in the property now except that of mere possession and they fail to show when such possession began. That they cannot under such circumstances question the validity of the decree seems evident on principle and is settled by the authorities. Smith v. Elliott, 56 Fla. 849, 47 South. Rep. 387; 23 Cyc. 1068; Harpold v. Doyle, 16 Idaho 671, 102 Pac. Rep. 158.

The petition shows a *prima facie* right of possession and it was the duty of the defendants, in their answer, to set up their rights and claims fully and in such manner that their defense, if they had any, might be understood by the petitioner and by the court. Gorton v. Paine, 18 Fla. 117.

And if the answer had set up a defense and the petitioner had failed to reply thereto, proper practice would have required the court to have taken as true the facts set up in the answer. 2 R. C. L., p. 739, Sec. 13; Ann. Cas. 1913D, Note Page 1128, citing Thomas v. DeBeaum, 14 N. J. Equity, 37.

No replication was filed in this case, but inasmuch as the answer failed to show any right on the part of the occupants against whom the petition was directed to contest the purchaser's title and claim of possession, the

chancellor was justified in ignoring the answer as he did and in awarding writ of possession. The apparent purpose of the answer is to defend the possession on behalf of other parties; namely, Frank D. Cook, George L. Cook and Catherine Turner, whom it is alleged own separate parts of the property in question and have separate suits in chancery pending against the petitioner, J. D. Ramke, seeking to set aside the master's deed, and the answer alleges that the said property consisted of three ownerships of separate parcels at the time of the foreclosure and that a portion of the property had been assessed in the name of Catherine Turner for some of the years for which the liens for taxes were foreclosed, and, therefore, that the city had no power to proceed against the property as unknown. It is obvious that these allegations suggest very serious legal questions, which should be determined in the proper way and at the instance of the proper parties.

It may be that due process of law was not observed and that jurisdiction was not acquired.

Courts are bound to take notice of the limits of their authority and if want of jurisdiction appears at any stage of the proceedings, original or appellate, the court should notice the defect and enter an appropriate order. Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U. S. 379, 28 L. Ed. 462, 4 Sup. Ct. Rep. 510. 15 C. J. p. 852, Sec. 171.

But where the jurisdictional steps prescribed by statute in a proceeding *in rem* appear on the face of the record to have been regularly taken, the court has no power to look behind the record into alleged extrinsic facts tending to impeach the jurisdiction, at the instance of one who shows no title or interest in the property other than bare

possession, and who seeks to raise such questions in behalf of others.

It is not apparent that the order of the Chancellor appealed from could prejudice the rights of the real parties in interest, or any of them, to have the questions suggested by this record, or any other available questions adjudicated in a proper action, but in abundant caution, under the circumstances, the order appealed from should be affirmed expressly without prejudice.

PER CURIAM.—The record in this cause having been considered by this court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the court as its opinion, it is considered, ordered and adjudged by the court that the judgment herein be, and the same is hereby, affirmed, without prejudice.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.