STURGIS, Judge.
This cause comes before this court on a petition of the defendants in an action for libel, who seek by way of certiorari to have reviewed an order of the trial court denying their motion to dismiss the complaint, based on Section 46.01, Florida Statutes, F.S.A., relating to venue in actions against corporations.
The action was commenced in Escambia County against the defendant-petitioners, who are admittedly residents of and own and operate a radio station that is located in Santa Rosa County, from which the alleged defamatory statements were broadcast.
As in Fort v. Fort, Fla.App.1958, 104 So.2d 69, we are immediately confronted with the question of whether this court has jurisdiction to review by certiorari the interlocutory order under assault. In the Fort case we adhered to the fundamental rule that the common-law writ of certiorari lies only in those cases in which it clearly appears that there is no other full, adequate and complete remedy available to the petitioner. The reference there was to the writ as afforded under Article V, § 5(3), Const, of Fla., F.S.A. The reference also applied to F.S. 59.45, F.S.A., which statute permits-an appeal improvidently taken to be treated as a petition for writ of certiorari but. does not authorize certiorari improvidently applied for to be treated as an appeal. Bartow Growers Processing Corp. v. Florida Growers Processing Co-op., Fla. 1954, 71 So. 2d 165. Although the decision in the Fort case involved a post-decretal order, the-same principles of law are applicable where-certiorari is invoked to review an interlocutory order in an action at common law relating to venue as here involved.
The instant petition for writ of certiorari asserts that it is founded on art. V, § 5(3), Constitution of Florida,[1] and' Rule 4.5, subd. c, Florida Appellate Rules, 31 F.S.A. While that rule relates to cer-tiorari, it does not purport to define the-legal basis for the writ. The power of this court to issue the common-law writ of certiorari derives from the last sentence of the cited constitutional provision, but that power is circumscribed by the above stated rule governing the court in issuing the writ.
However, the prohibition against the assumption by this court of jurisdiction in-those instances where certiorari instead of interlocutory appeal is improvidently relied upon as a vehicle for review is more directly found in the limitations of Rule 4.2, Florida Appellate Rules, as promulgated *251 pursuant to the first two paragraphs of the cited subsection of the constitution. Footnote 1. It will be noted therefrom that appeals to the district courts of appeal lie, "“as a matter of right”, from final orders or decrees emanating from certain specified courts in certain limited classes of litigation, and “from all final judgments or decrees except those from which appeals may be taken direct to the supreme court or to a circuit court,” subj ect to this exception: “The supreme court * * * may provide for review by such courts of interlocutory orders or decrees in matters reviewable by the district courts of appeal.” Acting upon that specific and limited grant of power, the supreme court promulgated Rule 4.2, Florida Appellate Rules, authorizing interlocutory appeals in limited areas and prescribing the mechanics therefor. The pertinent part of subdivision “a” of the rule authorizes an appeal from an interlocutory order “at common law relating to venue or jurisdiction over the person,” and contains a proviso preserving the right of review of such orders on an appeal from the final judgment. Thus our disposition of this petition for certiorari will have no bearing on the merits of the question of venue if properly presented by an appeal from a final judgment.
The limitation imposed by F.A.R. 4.2, subd. a on appeals from interlocutory orders in actions at law is to be strictly construed against an enlargement of the right of interlocutory appeal and is jurisdictional. For related cases see Pullman Co. v. Fleishel, Fla.App.1958, 101 So.2d 188; Shaw v. Hill, Fla.App.1959, 114 So.2d 721; Strazzulla v. Hinson, Fla.App.1959, 113 So.2d 419; Jones v. Johnson, Fla.App.1957, 98 So.2d 506.
Although the question of this court’s jurisdiction was not raised by the parties, it is a matter of primary concern to which we must address ourselves sua sponte when any doubt exists. Finding that jurisdiction of this court is lacking, the petition for writ of certiorari is denied.
WIGGINTON, C. J., and CARROLL, DONALD K., J., concur.

. Art. V, § 5(3), provides:
(3) Jurisdiction. Appeals from trial courts in each appellate district, and from final orders or decrees of county judge’s courts pertaining to probate matters or to estates and interests of minors and incompetents, may be taken to the court of appeal of such district, as a matter of right, from all final judgments or decrees except those from -which appeals may be taken direct to the supreme court or to a circuit court.
“The supreme court shall provide for expeditious and inexpensive procedure in appeals to the district courts of appeal, and may provide for review by such courts of interlocutory orders or decrees in matters reviewable by the district courts of appeal.
“The district courts of appeal shall have such powers of direct review of administrative action as may be provided by law.
“A district court of appeal or any judge thereof may issue writs of habeas corpus returnable before that district court of appeal or any judge thereof, or before any circuit judge in that district. A district court of appeal may issue writs of mandamus, certiorari, prohibition, and quo warranto, and also all writs necessary or proper to the complete exercise of its jurisdiction.”