ALTENBERND, Judge.
ON MOTION TO DISMISS
Crown Pontiac, Inc., appeals the trial court’s order which granted Crown’s own motion for a new trial. Because Crown requested this order and is not aggrieved by the order, we dismiss this appeal.
Randy and Maria Bell filed suit against Crown seeking rescission of a used car sales contract, as well as compensatory and punitive damages. They based their requests for relief upon breach of implied warranty and fraud. The Bells purchased from Crown a used 1984 Trans Am. Crown represented the car to the Bells as a “dealer’s demonstration” model which had been driven only by Crown’s employees. The Bells alleged, however, that the car actually had been stolen from Crown, driven several thousand miles, recovered by the Pinellas County Sheriff's Department, and refurbished by Crown. The Bells experienced several problems with the car, which Crown was unable to correct. The Bells further alleged that they would not have purchased the car had they been informed about the car’s history.
During trial, Crown moved for a directed verdict arguing that the Bells had failed to prove any damages. The trial court took this motion under consideration and eventually denied it. The jury rejected the Bells’ breach of warranty claim, but found in their favor on the fraud claim. The verdict awarded the Bells $7,000 in compensatory damages and $100,000 in punitive damages. After the verdict, Crown moved for a new trial on all issues of fraud and renewed its motion for directed verdict. The trial court granted the new trial and denied the renewed motion for directed verdict. Thus, no final judgment has been entered by the trial court.
Initially we denied the Bells’ motion to dismiss without prejudice to their raising this jurisdictional argument in their brief. Now that the case is fully briefed and the record is before us, it is clear that Crown is merely attempting to use this appeal as a vehicle to challenge the trial court’s decision denying Crown’s motion for directed verdict.
This case is controlled by our reasoning in Hill v. American Medical Affiliates, Inc., 387 So.2d 1056 (Fla. 2d DCA 1980), review denied, 397 So.2d 778 (Fla.1981). In Hill, we held that:
[T]he losing party may not appeal an order granting a new trial unless that party claims that it was error to grant a new trial on any issue. Where, as in the case before us, such error is not asserted, the order granting a new trial may not serve as the vehicle for review by this court of prior rulings by the trial judge adverse to that party.
We are not asked in this case simply to reverse a new trial order and to reinstate part or all of the jury’s verdict. Instead, Crown asks that we reverse the denial of a directed verdict. Crown is appealing an order which it does not want us to reverse.
The issue which Crown wishes to appeal must await a final judgment. Such a final judgment cannot be entered until the conclusion of the new trial. Crown may be correct in arguing that judicial efficiency would be accomplished if it could appeal this issue before the second trial. On the *292 other hand, the resolution of the second trial may moot this issue and render any appeal unnecessary. Since our jurisdiction is established by the Florida Constitution and the rules of the Supreme Court of Florida, such policy arguments can only be addressed in other forums.
Dismissed.
DANAHY, A.C.J., and LEHAN, J., concur.