702 So.2d 1243 (1997)
POLK COUNTY, Petitioner,
v.
Donna M. SOFKA, Respondent.
No. 88407.
Supreme Court of Florida.
September 4, 1997.
Rehearing Denied December 17, 1997.
Wofford H. Stidham, Hank B. Campbell and Edwin A. Scales, III of Lane, Trohn, Clarke, Bertrand, Vreeland & Jacobsen, P.A., Bartow, for Petitioner.
John W. Frost, II, Neal L. O'Toole and Mark A. Sessums of Frost, O'Toole & Saunders, P.A., Bartow, for Respondent.
Robert A. Butterworth, Attorney General and Louis F. Hubener, Assistant Attorney General, Tallahassee, for Department of Insurance, Division of Risk Management, Amicus Curiae.
Susan H. Churuti, County Attorney and John E. Schaefer, Assistant County Attorney, Clearwater, for Pinellas County, Amicus Curiae.
Jorge L. Fernandez, President, Florida Association of County Attorneys, Inc., Sarasota, and Rosemary E. Perfit, Senior Assistant County Attorney, Hillsborough County, Tampa, for Florida Association of County Attorney's, Amicus Curiae.
Ronald K. McRae, Assistant County Attorney, West Palm Beach, for Palm Beach County, Amicus Curiae.
Roy D. Wasson and Barbara Green, P.A., Miami, for Academy of Florida Trial Lawyers, Amicus Curiae.
Steven F. Lengauer and Ernest H. Eubanks of Eubanks, Hilyard, Rumbley, Meier & Lengauer, P.A., Orlando, for Orange County, Amicus Curiae.
PER CURIAM.
This case is before us on a question certified by the district court as one of great public importance. Polk County v. Sofka, *1244 675 So.2d 615 (Fla. 2d DCA 1996). However, because we conclude that the district court lacked jurisdiction to hear the appeal, we do not address the certified question. Instead, we quash the decision of the district court, and remand with directions that the district court dismiss the appeal for lack of jurisdiction.
Respondent, Donna M. Sofka, sued petitioner, Polk County, in tort, to recover for personal injuries sustained in an automobile accident. She alleged that the County had created a dangerous intersection, tantamount to a hidden trap of which she was unaware, but of which the County was (or should have been) aware, yet failed to warn. A jury trial resulted in a verdict for Sofka.
The County filed a motion requesting a new trial, which was granted. The parties subsequently executed a settlement agreement by which they agreed, among other things, that a final judgment would be entered in favor of Sofka, following which the County might seek appellate review of two issues:
[1] The Trial Court's refusal to grant POLK COUNTY'S Motion to Dismiss, to enter summary judgment for POLK COUNTY, or to direct a verdict against SOFKA, by virtue of POLK COUNTY'S sovereign immunity, which POLK COUNTY asserts immunizes it from any liability for the accident....
[2] The Trial Court's refusal to direct a verdict against SOFKA, by virtue of POLK COUNTY'S assertion that SOFKA failed to adduce sufficient evidence showing any alleged fault of POLK COUNTY was the proximate cause of the accident or any of SOFKA'S damages stemming therefrom.
The agreement provided, further, "that the intermediate appellate court has jurisdiction to hear POLK COUNTY'S appeal of the Stipulated Final Judgment"; that "[t]he record on appeal shall be the record as it exists at the time of the entry of the Stipulated Final Judgment"; and that, "if the intermediate appellate court, for any reason, determines there is no jurisdiction or standing, or if the appeal is not dispositive of the issue of POLK COUNTY'S liability for the accident,... the Stipulated Final Judgment shall be void," and "the parties shall be entitled to again proceed to trial" pursuant to the order granting the County's motion for a new trial. The trial court entered the judgment contemplated by the agreement, incorporating by reference all of the terms of that agreement.
After oral argument in this Court, the parties were asked to brief the following question:
Whether the District Court of Appeal had jurisdiction to hear Polk County's appeal from rulings made before its motion for new trial had been granted because it had entered into a stipulated final judgment permitting it to seek such review, notwithstanding that the order granting the motion for new trial had not been vacated and that one is generally deemed to have waived the right to review of rulings made prior to, or during, a previous trial by moving for and receiving a new trial.
The parties responded with a joint brief in which they asserted that the district court had jurisdiction because (1) the stipulated final judgment incorporated the settlement agreement, which expressly provided "that the intermediate appellate court has jurisdiction over the appeal"; (2) the parties had agreed to waive any "procedural hurdles" to appellate review; (3) the stipulated final judgment "nullifies or makes the issue of the new trial moot"; and (4) a contrary conclusion "will result in a waste of judicial resources."
By their settlement agreement, the terms of which were incorporated into the judgment, the parties stipulated that "[t]he record on appeal shall be the record as it exists at the time of the entry of" the judgment. Prior to the entry of the judgment, neither party requested that the order granting a new trial be set aside, and that the County be permitted to withdraw its motion for a new trial. Accordingly, but for the settlement agreement, the County would not have been permitted to seek review of the denial of its motions to dismiss, for summary judgment or for directed verdict based on sovereign immunity, or the denial of its motion for directed verdict because the evidence was legally insufficient to establish proximate cause. This is because, having requested and received a new trial, the County is *1245 deemed to have waived its right immediately to seek appellate review of rulings made prior to, or during, the previous trial. It would have had to await the outcome of the new trial it had requested and, if adverse, then seek review. See Atlantic Coast Line R.R. Co. v. Boone, 85 So.2d 834 (Fla.1956) (because an order granting a new trial has the effect of completely revitalizing the case for further proceedings, the party requesting, and receiving, a new trial may not seek immediate review of an earlier order denying its motion for a directed verdict); Crown Pontiac, Inc. v. Bell, 547 So.2d 290 (Fla. 2d DCA 1989) (a party requesting a judgment notwithstanding the verdict or, alternatively, a new trial may not seek review of the order denying the motion for judgment notwithstanding the verdict following the granting of its alternative motion for a new trial).
It is clear that the parties have stipulated to the district court's jurisdiction. However, it is equally clear "that the parties cannot stipulate to jurisdiction over the subject matter where none exists." Cunningham v. Standard Guar. Ins. Co., 630 So.2d 179, 181 (Fla.1994). See also Snider v. Snider, 686 So.2d 802, 804 (Fla. 4th DCA 1997) ("Subject matter jurisdiction is conferred upon a court by a constitution or statute, and cannot be created by waiver, acquiescence or agreement of the parties."). Thus, the fact that the parties stipulated to the district court's jurisdiction has no bearing on whether, in fact, such jurisdiction existed.
The parties' agreement expressly provides that "[t]he record on appeal shall be the record as it exists at the time of the entry of the Stipulated Final Judgment." When the judgment was entered, the order granting the County's motion for a new trial remained in effect, as neither party requested that it be vacated, and that the motion for a new trial be treated as withdrawn. Thus, based upon the record to which the parties agreed, the district court lacked jurisdiction to hear the appeal, notwithstanding the parties' attempt to confer such jurisdiction.
It is true, as the parties state, that this conclusion "will result in a waste of judicial resources." However, "[c]ourts are bound to take notice of the limits of their authority and if want of jurisdiction appears at any stage of the proceedings, original or appellate, the court should notice the defect and enter an appropriate order." West 132 Feet v. City of Orlando, 80 Fla. 233, 239, 86 So. 197, 198-99 (1920). This is because the limits of a court's jurisdiction are of "primary concern," requiring the court to address the issue "sua sponte when any doubt exists." Mapoles v. Wilson, 122 So.2d 249, 251 (Fla. 1st DCA 1960). Thus, while the resulting "waste of judicial resources" is regrettable, in the absence of jurisdiction, it is unavoidable.
We quash the decision of the district court and remand with directions that the district court dismiss the appeal for lack of jurisdiction.
It is so ordered.
KOGAN, C.J., OVERTON, SHAW, HARDING and ANSTEAD, JJ., and KAHN and WEBSTER, Associate Justices, concur.
GRIMES and WELLS, JJ., recused.