896 So.2d 836 (2005)
Robert APONTE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-5125.
District Court of Appeal of Florida, First District.
February 23, 2005.
*837 Nancy A. Daniels, Public Defender; Archie F. Gardner, Jr., Assistant Public Defender, Tallahassee, for Appellant.
Charles Crist, Attorney General; Anne C. Conley, Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
On direct appeal of sentences pronounced after probation revocation proceedings, we reverse because the trial court lost jurisdiction in these third-degree felony cases, once Robert Jesus Aponte had spent a full five calendar years incarcerated or on probation. The question of the sentencing court's jurisdiction to impose the sentences is properly before us, despite trial counsel's failure to raise the jurisdictional question below.
At issue is jurisdiction to impose sentences for a series of burglaries of unoccupied conveyances and grand thefts, all felonies of the third degree, that took place in and between December of 1997 and April of 1998. Convicted of these offenses, Mr. Aponte was originally sentenced to concurrent five-year sentences, with the proviso that "after serving a period of 30 months, each count concurrent imprisonment ... the balance of the sentence shall be suspended and the defendant shall be placed on probation ... for a period of 5 years, each count concurrent," thus providing for a combined period of incarceration and probation in excess of the statutory maximum. See § 775.082(3)(d), Fla. Stat. (1997) (authorizing for "a felony of the third degree, ... a term of imprisonment not exceeding 5 years"); Campbell v. State, 854 So.2d 257, 258 (Fla. 1st DCA 2003) (holding that incarceration and probation aggregating more than five years "exceed the statutory maximum for a third-degree felony").
When originally sentenced on March 5, 1999, Mr. Aponte received, as to each sentence, at least 274 days' credit for time he had already spent in jail. On or about June 4, 2003, therefore, five years of combined incarceration and probation for violations of section 810.02(4)(b) (burglary) and 812.014(2)(c) (theft), Florida Statutes (1997), came to an end. See Gonzales v. State, 816 So.2d 720, 721 (Fla. 5th DCA 2002) ("When a defendant is sentenced to a term in prison followed by probation, the combined times must not exceed the statutory maximum.").
Only thereafter, on July 15, 2003, did the probation revocation arrest warrant that led to the sentences under review issue. See § 901.02(1), Fla. Stat. (2002) ("A warrant is issued at the time it is signed by the magistrate."). In an amended affidavit executed on September 8, 2003, nearly two months later, Mr. Aponte was first charged with failing to file one monthly report by August 5, 2003, and another by September 5, 2003. On November 6, 2003, Mr. Aponte's putative probation was purportedly revoked for failure to file the reports, see generally State v. Carter, 835 So.2d 259 (Fla.2002), and new, concurrent five-year terms of imprisonment were pronounced.
In light of the decision in Polk County v. Sofka, 702 So.2d 1243, 1243-45 *838 (Fla.1997), where our supreme court raised, on its own motion, the question of the lower court's jurisdiction, the jurisdictional question that Mr. Aponte duly argues in his initial brief here is necessarily cognizable. Quashing a district court's decision, the Sofka court opined that "if want of jurisdiction appears at any stage of the proceedings, original or appellate, the court should notice the defect and enter an appropriate order." Id. at 1245 (quoting West 132 Feet v. City of Orlando, 80 Fla. 233, 86 So. 197, 199 (1920)).
Below defense counsel did not argue that the trial court lacked jurisdiction inasmuch as no warrant giving rise to the revocation proceeding had been signed before probation came, as a matter of law, to an end. See generally Morgan v. State, 757 So.2d 618, 619 (Fla. 2d DCA 2000) ("Here, the trial court did not even sign the arrest warrant until January 8, 1998, three days after Morgan's original term of community control expired on January 5, 1998. Thus, the revocation process had not been set in motion before Morgan's community control expired, and the trial court lacked jurisdiction to revoke his community control and impose a new sentence."). Nor did counsel seek relief below by filing a motion pursuant to Florida Rule of Criminal Procedure 3.800(b). See generally Brannon v. State, 850 So.2d 452 (Fla.2003) (requiring that sentencing errors be brought first to the trial court's attention); Maddox v. State, 760 So.2d 89, 104-106 (Fla.2000) (same); Jones v. State, 876 So.2d 642, 644 (Fla. 1st DCA 2004) (same).
Yet Mr. Aponte complains of more than a run-of-the-mill sentencing error. While he does contend that the sentencing court's error was fundamental, he contends further that the sentencing court was wholly without jurisdiction to impose any sentence at all for any third-degree felony. See Sofka, 702 So.2d at 1245 (holding that "the limits of a court's jurisdiction are of `primary concern,' requiring the court to address the issue `sua sponte when any doubt exists.' Mapoles v. Wilson, 122 So.2d 249, 251 (Fla. 1st DCA 1960)"); Slingbaum v. State, 751 So.2d 89, 89-90 (Fla. 2d DCA 1999) (holding "that where it can be determined without an evidentiary hearing that a sentence has been imposed by a court without jurisdiction, that sentence is illegal, whatever its length").
On the merits of the jurisdictional question, the authorities are clear. See Mundorff v. State, 890 So.2d 1234 (Fla. 1st DCA 2005) ("Because appellant's probation expired prior to his being charged with violating the terms and conditions thereof, the trial court no longer had jurisdiction to conduct a revocation hearing."); Tucker v. State, 873 So.2d 1239, 1241 (Fla. 2d DCA 2004) (agreeing that because appellant "had served more than the statutory maximum of five years for the third-degree felonies ... she was not legally on probation at the time it was revoked [so that] the trial court was without jurisdiction to revoke her probation and sentence her to prison"); Gonzales v. State, 816 So.2d at 722 ("If the combination of probation and prison term exceeds the statutory maximum and the maximum has been expended, the balance of the probation being invalid cannot be revoked and the defendant resentenced."). See also White v. State, 828 So.2d 491, 492 (Fla. 1st DCA 2002) ("[W]hen a defendant has already served an incarcerative or probationary term in excess of the statutory maximum, he has reaped no benefit from the illegal sentence, and will not be estopped from challenging such sentence.").
Accordingly, appellant's sentences for burglary of an unoccupied conveyance in violation of section 810.02(4)(b), Florida Statutes (1997), and grand theft in violation of section 812.014(2)(c), Florida Statutes *839 (1997), purportedly imposed on November 6, 2003, are reversed.
WOLF, C.J., and VAN NORTWICK, J., concur.