BROWNING, J.
Appellant challenges his sentences for battery and criminal mischief on revocation of probation, alleging that the trial court lacked jurisdiction to impose those sentences. We agree, because Appellant had finished serving those sentences before the most recent affidavit of violation of probation was filed. See Aponte v. State, 896 So.2d 836 (Fla. 1st DCA 2005). The state has conceded the issue.
However, the order of revocation was not wholly erroneous because Appellant did violate probation on certain other offenses. Accordingly, we REVERSE the sentence only as to lower court case numbers 02-181 and 02-1067, and REMAND for this change to be made. Because the deletion of these two sentences is merely a ministerial act, Appellant need not be present. See, e.g., Davis v. State, 387 So.2d 490 (Fla. 1st DCA 1980).
DAVIS and LEWIS, JJ., concur.