946 So.2d 1179 (2006)
CITIZENS PROPERTY INSURANCE CORPORATION, Appellant/Cross-Appellee,
v.
SCYLLA PROPERTIES, LLC & William D. Clark, Jr., on their behalves and on behalf of others similarly situated, Appellees/Cross-Appellants.
No. 1D05-3480.
District Court of Appeal of Florida, First District.
December 21, 2006.
Barry Richard of Greenberg Traurig, P.A., Tallahassee, Elliot H. Scherker, and Elliot B. Kula of Greenberg Traurig, P.A., Miami, for Appellant/Cross-Appellee.
Elizabeth K. Russo of Russo Appellate Firm, P.A., Miami, for Amicus Curiae, State Farm Florida Insurance Company *1180 and the National Association of Mutual Insurance Companies.
Elizabeth McArthur, David A. Yon, and Travis L. Miller of Radey, Thomas, Yon & Clark, P.A., Tallahassee, and J. Stephen Zielezienski, Vice President and Associate General Counsel of American Insurance Association, Washington, D.C., for Amicus Curiae, American Insurance Association.
Stuart R. Michelson and Ilene L. Michelson of the Law Office of Stuart R. Michelson, Fort Lauderdale, Scott C. Maddox of Maddox Horne, PLLC, Tallahassee, and John Beranek of Ausley & McMullen, Tallahassee, for Appellees/Cross-Appellants.
Stephen A. Marino, Jr. of Ver Ploeg & Lumpkin, P.A., Miami, Amicus Curiae, Academy of Florida Trial Lawyers.
Charles F. Beall, Jr. of Moore, Hill & Westmoreland, P.A., Pensacola, Amicus Curiae, Helping Hands Legal Center.
BENTON, J.
Citizens Property Insurance Corporation (Citizens) appeals partial final money judgments and the final declaratory judgment entered against it in a class action. The declaratory judgment declares Citizens liable for policy limits under Florida's Valued Policy Law (VPL) in cases where property it insured was a total loss. The money judgments against it for policy limits are in favor of two class members. Because these final judgments were entered while an appeal of the non-final order certifying the class was pending, the circuit court lacked jurisdiction to enter them. See Fla. R.App. P. 9.130(f) (2005). We reverse on that basis, but express no view on the merits of any of the judgments.
The circuit court lacked jurisdiction to enter final judgment in the present case. See Brewer v. Solovsky, 899 So.2d 497, 498 (Fla. 4th DCA 2005); Katz v. NME Hosps., Inc., 791 So.2d 1127, 1128 (Fla. 4th DCA 2000) (citing the Committee Note to Rule 9.130(f) in ruling that the lower court loses jurisdiction to enter final judgment as long as an appeal from a non-final order is pending); Jones v. Jones, 703 So.2d 501, 501 (Fla. 1st DCA 1997) ("Under subsection (f), therefore, the `lower tribunal is divested of jurisdiction to enter a final order disposing of the case' while an appeal [of a non-final order] is pending. Fla. R.[ ]App. P. 9.130(f)(Committee Notes)."); Imperatore v. NationsBank of Fla., N.A., 677 So.2d 933, 935 (Fla. 4th DCA 1996). See also Napoleonic Soc'y of Am., Inc. v. Snibbe, 696 So.2d 1243, 1243 (Fla. 2d DCA 1997) (treating final order entered in violation of Rule 9.130(f) as a "nullity" and dismissing appeal therefrom sua sponte because Rule "9.130(f) prohibits the trial court from rendering a final order during the pendency of appellate review of a nonfinal order").
On our own motion, we raised the issue of the circuit court's jurisdiction to enter final judgment, and gave the parties an opportunity to be heard on the question.[1] In doing so, we followed the lead of our supreme court in Polk County v. Sofka, 702 So.2d 1243, 1244-45 (Fla. 1997) (refusing to decide merits where case came from a court that lacked jurisdiction to enter judgment). The Florida Supreme Court refused in Sofka to review a question the Second District had certified to it, explaining that

*1181 "[c]ourts are bound to take notice of the limits of their authority and if want of jurisdiction appears at any stage of the proceedings, original or appellate, the court should notice the defect and enter an appropriate order." West 132 Feet v. City of Orlando, [80 Fla. 233] 86 So. 197, 198-99 ([Fla.] 1920). This is because the limits of a court's jurisdiction are of "primary concern," requiring the court to address the issue "sua sponte when any doubt exists." Mapoles v. Wilson, 122 So.2d 249, 251 (Fla. 1st DCA 1960).
Id. at 1245. The parties in Sofka had stipulated to the district court's jurisdiction to hear an appeal from a lower court, and the district court had proceeded to hear the appeal. Instead of deciding the merits of the case when it reached the supreme court, our supreme court quashed the Second District's decision, on grounds that the district court lacked jurisdiction to make the decision which the petitioner sought review of in the supreme court.
Parties cannot confer jurisdiction on a court by agreement. See Metellus v. State, 900 So.2d 491, 495 (Fla.2005) ("A jurisdictional rule cannot be altered by the court or by agreement of the parties."); Cunningham v. Standard Guar. Ins. Co., 630 So.2d 179, 181 (Fla.1994) ("We acknowledge that the parties cannot stipulate to jurisdiction over the subject matter where none exists. . . ."); Aponte v. State, 896 So.2d 836, 837-38 (Fla. 1st DCA 2005) (reversing an order of a trial court which lacked jurisdiction to enter the order, even though the issue had not been raised to the trial court); Harrell v. State, 721 So.2d 1185, 1187 (Fla. 5th DCA 1998) (stating that lack of jurisdiction cannot be cured by consent).
On January 3, 2005, Scylla Properties, LLC, and William D. Clark, Jr. (Scylla and Clark) filed suit against Citizens in Leon County, and, shortly thereafter, amended the complaint to seek certification of a class action. In consolidated, companion cases, we have described the course of proceedings:
Scylla Properties, LLC, and William D. Clark, Jr. (Scylla and Clark), brought suit against Citizens Property Insurance Corporation (Citizens) seeking to recover under insurance policies for losses incurred during the 2004 hurricane season. . . . Scylla and Clark filed an amended complaint seeking certification . . . of a class. . . .
Meanwhile, in separate actions, . . . members of the Litvak group, had also filed suit against Citizens, seeking recovery individually. . . . At a hearing in the Escambia County case Mr. Litvak brought against Citizens . . . Citizens' counsel told him that an order certifying a mandatory class . . . had been entered in the . . . present case on April 5, 2005.
Less than thirty days later, . . . the Litvak group filed a motion to intervene in the Scylla and Clark case pursuant to Florida Rule of Civil Procedure 1.230. . . .
Although their motion to intervene was still pending, the Litvak group filed a notice of appeal of the order certifying the class on May 5, 2005, thus initiating our case No. 1D05-2163. Then on May 9, 2005, the Litvak group filed a motion asking us to relinquish jurisdiction, so that the trial court could rule on its motion to intervene. . . .
Once we had relinquished jurisdiction in No. 1D05-2163, the trial court acted on the motion to intervene then pending below, denying it on June 8, 2005. We had resumed jurisdiction in No. 1D05-2163 by the time the Litvak group filed a motion for rehearing in the trial court as to, then a timely notice of appeal of, the order denying the motion to intervene, giving rise to our case No. 1D05-3727. *1182 The appeals from the order certifying the class, No. 1D05-2163, and the order denying the motion to intervene, No. 1D05-3727, were consolidated.
Litvak v. Scylla Properties, LLC, Nos. 1D05-2163 & 1D05-3727, 946 So.2d 1165, 1167-69, 2006 WL 3740640 (Fla. 1st DCA Dec. 21, 2006) (footnotes omitted). While these appeals were pending, the circuit court entered a non-final order on the motions for summary judgment, granting Scylla and Clark's motion and denying Citizens' motion for summary judgment. Entry of this non-final (and nonappealable) order did not, of course, run afoul of Florida Rule of Appellate Procedure 9.130(f).
But the circuit court went on to enter partial final judgments on June 30, 2005, in favor of Scylla and Clark in the amounts of their policy limits; and summary final judgment on the "Class Claim for Declaratory Relief" in favor of the class plaintiffs, all in violation of Florida Rule of Appellate Procedure 9.130(f). The summary final judgment declared:
[T]he valued policy law requires Citizens to pay policy limits, less deductibles, to the Class members where Citizens-insured structures were damaged in the 2004 hurricanes by a combination of wind and flood in an amount giving rise to an actual or constructive total loss. Under the reasoning in Mierzwa [v. Florida Windstorm Underwriting Association, 877 So.2d 774 (Fla. 4th DCA 2004)], which this Court adopts, so long as Citizens had any liability for wind damage, its liability is in the amount of its policy limits.
This Court further DECLARES that Citizens is not entitled to a setoff of any amounts paid by a flood carrier for damage to the insured properties.
The circuit court also created two additional subclasses: the "final judgment subclass" (class members as to whom Citizens concedes no basis for disputing coverage); and the "non-final judgment subclass" (class members as to whom Citizens disputed coverage, had not yet determined whether it disputed coverage, or might yet raise affirmative defenses).[2] Citizens' appeal of these judgments has given rise to the present case, our No. 1D05-3480.
At the time these final judgments were entered, the appeal of the non-final order certifying the class, our No. 1D05-2163, remained pending. See Fla. R.App. P. 9.130(a)(3)(C)(vi) (2005) (allowing appeal from non-final orders determining "that a class should be certified"). Entry of final judgments before the appeal of the class certification order had been decided violated Florida Rule of Appellate Procedure 9.130(f), which provides:
In the absence of a stay, during the pendency of a review of a non-final order, the lower tribunal may proceed with all matters, including trial or final hearing; provided that the lower tribunal may not render a final order disposing of the cause pending such review.

Fla. R.App. P. 9.130(f) (2005) (emphasis added). Review of the order certifying the class began with the filing of notice of appeal in No. 1D05-2163 and has been ongoing since, only today eventuating in a decision vacating the order certifying the class.[3] As the Committee Note emphasizes, *1183 the plain language of Rule 9.130(f) divested the lower tribunal of jurisdiction to enter final judgments that purported to be dispositive, despite the pending review of the non-final order certifying the class. See Fla. R.App. P. 9.130 (2005) (Committee Notes, 1977 Amendment) ("Subdivision (f) makes clear that unless a stay is granted under Rule 9.310, the lower tribunal is only divested of jurisdiction to enter a final order disposing of the case."). See also, e.g., Soles v. Soles, 536 So.2d 367, 368 (Fla. 1st DCA 1988).
The present case well illustrates the wisdom of prohibiting the lower tribunal's entry of final judgment[4] while a reviewing court decides an appeal from a non-final order. In No. 1D05-2163, we are today vacating the order certifying a class, with the result that entry of final judgment at this juncture would bind nobody not actually named as a party. The final summary judgment interpreting Citizens' policy language purports, in contrast, to make the questions it decides res judicata for Citizens and for each member of a class that has been alleged to consist of thousands of individuals. The circuit court's judgment is thus inconsistent with our decision in No. 1D05-2163 and, if upheld, would render our own judgment nugatory. See Esposito v. Horning, 416 So.2d 896, 898 (Fla. 4th DCA 1982) ("While the trial court had jurisdiction to proceed with the case pending disposition of the non-final appeal, proceeding to final judgment and *1184 disposition of the cause had the effect of usurping the jurisdiction of this court.").
The summary final judgment and both partial final judgments are reversed. See Nielsen v. Joannou, 861 So.2d 1283, 1284 (Fla. 5th DCA 2004) ("Because we conclude that the lower court erred in entering a summary final judgment which violates Florida Rule of Appellate Procedure 9.130(f), we reverse and remand."). When the mandate issues in No. 1D05-2163, there will be no impediment to further proceedings in the circuit court.
Reversed and remanded.
PADOVANO and LEWIS, JJ., concur.
NOTES
[1] By order entered July 7, 2006, citing Florida Rule of Appellate Procedure 9.130(f), the parties were put on notice that they "should be prepared to address [at oral argument] the basis for the trial court's jurisdiction, if any, to enter final judgment while review of non-final order was pending."
[2] No appeal was taken from certification of these two subclasses. The circuit court ruled each member of the final judgment subclass entitled to judgment as a matter of law, in the amount of the class member's policy limits, entered partial final judgments in favor of Scylla and Clark, and announced that judgment would be entered on behalf of each remaining class member as members were identified.
[3] We are also reversing the order denying the motion to intervene in No. 1D05-2163 today. By motion dated May 6, 2005, and filed here three days later, the parties who sought intervention below "request[ed] that the Court relinquish jurisdiction to the trial court for the limited purpose of ruling on Appellants' pending motion to intervene." We granted the motion by order entered June 2, 2005, relinquishing jurisdiction to the circuit court for thirty days "in which to consider [the Litvak group's] motion to intervene."

Although proceedings in No. 1D05-2163 were abated while the trial court considered the motion to intervenewhich it acted on by order entered June 8, 2005, well within the thirty days allowedthe appeal of the order granting class certification remained pending. On that account, the trial court lacked jurisdiction to enter the final judgments that are the subject of this appeal.
[4] It has been suggested that the judgments under review are not final because they do not completely dispose of the cause. If the judgments did not "dispose of the cause," of course, they would, indeed, not be final, and we would not have jurisdiction to hear the appeal. See Fla. R.App. P. 9.030(b) (2006); Fla. R.App. P. 9.130(a) (2006); See also S.L.T. Warehouse Co. v. Webb, 304 So.2d 97, 99 (Fla.1974) ("[G]enerally, to be appealable as final, an order or decree must dispose of all the issues or causes in the case. . . .").

We reject this contention, at least as to the appeals of the partial summary judgments in favor of Scylla and Clark and their summary final judgment predicate. The summary final judgment and the partial judgments were plainly intended fully to dispose of the case as to all of Scylla's and Clark's claims. As to those judgments, no further judicial labor was contemplated or needed, as they relate to Scylla and Clark. Each money judgment rests on the predicate of the summary final (declaratory) judgment, entered and intended to be final as to the whole class.
Alternatively, the parties argued that the final judgments did not "dispose of" the entire case because the trial court reserved jurisdiction to enter judgments in each of the individual cases and reserved jurisdiction on the issue of attorney's fees. But the fact that the trial court reserves jurisdiction to award attorney's fees does not make an otherwise final order non-final. See McGurn v. Scott, 596 So.2d 1042, 1044 (Fla.1992) ("[T]he district courts have consistently held that a trial court's reservation of jurisdiction to award costs or attorneys' fees does not affect the finality of an underlying judgment for purposes of appeal."). "Issues regarding attorney's fees are considered collateral to the main dispute. Therefore, a judgment on the merits of a suit is final and appealable even if it reserves jurisdiction to later determine either a party's entitlement to an attorney's fee award or the amount to be awarded." Ulrich v. Eaton Vance Distribs., Inc., 764 So.2d 731, 733 (Fla. 2d DCA 2000).