952 So.2d 1286 (2007)
Michael Andrew YEVCHAK, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-3294.
District Court of Appeal of Florida, Second District.
April 13, 2007.
James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Chandra Waite Dasrat, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Michael Andrew Yevchak appeals the order revoking his probation and the resulting thirty-month sentence for aggravated stalking. He argues that the trial court lacked jurisdiction to revoke his probation and sentence him when he had already served the maximum time allowed for the offense. We agree and reverse.
In December 1998, the trial court convicted Yevchak of aggravated stalking and imposed a sentence of three years' probation in case number 98-03523. Yevchak committed a series of violations of probation, resulting in further placements on supervision. In December 2002, in case number 02-05283, Yevchak was convicted and sentenced for possession of cocaine, which constituted another violation of his probation for the aggravated stalking conviction. Yevchak's probation was again modified, and he was also put on probation for the possession conviction.
On June 5, 2006, the trial court entered the order that is at issue here, revoking Yevchak's probation for aggravated stalking and sentencing him to thirty months in prison. The court also revoked his probation on the possession of cocaine case and imposed a concurrent sentence of thirty months. The basis of the probation revocation was Yevchak's failure to complete a required residential drug treatment program.
Yevchak correctly contends that the trial court did not have jurisdiction to revoke his probation and sentence him further on June 5, 2006, with respect to the *1287 aggravated stalking conviction because he had already served in excess of five years on the third-degree felony. See Tucker v. State, 873 So.2d 1239, 1241 (Fla. 2d DCA 2004); Aponte v. State, 896 So.2d 836 (Fla. 1st DCA 2005). The State contends that Yevchak failed to preserve this issue for review because he did not raise it at the revocation hearing or file a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b). In Aponte, the court considered the same argument and stated, "Yet Mr. Aponte complains of more than a run-of-the-mill sentencing error. While he does contend that the sentencing court's error was fundamental, he contends further that the sentencing court was wholly without jurisdiction to impose any sentence at all for any third-degree felony." 896 So.2d at 838. In Tucker, although the defendant filed a motion to correct sentencing error, this court agreed with her argument that "the trial court was without jurisdiction to revoke her probation and sentence her to prison" when she had already served more than five years for the third-degree felonies. 873 So.2d at 1241.
Thus, because the trial court lacked jurisdiction to revoke Yevchak's probation and to sentence him in case number 98-03523, we reverse the revocation order and sentence of June 5, 2006, as to that case. We remand for the trial court to strike the portion of the revocation order and the thirty-month sentence relating to case number 98-03523.[1]
Reversed and remanded with directions.
WHATLEY and NORTHCUTT, JJ., Concur.
NOTES
[1] Our decision may be somewhat of a hollow victory for Yevchak because he has not challenged the revocation and thirty-month sentence in case number 02-05283.