LEWIS, J.,
dissenting.
The decision below is the equivalent of a canary in a coal mine, marking the beginning of the end of the constitutionally mandated limitations imposed on the jurisdiction of our district courts. As discussed in my dissent to this Court’s majority opinion in Nader v. Florida Department of Highway Safety and Motor Vehicles, 87 So.3d 712 (Fla.2012), this case is an example of district courts doing precisely what the majority in Nader cautions against: “granting] relief merely because [the district court] disagrees with the precedent from another district court.” Nader, 87 So.3d at 725. Here, the Second District acknowledges its disagreement with another district court, using that disagreement as its sole basis for granting second-tier certiorari review. See Bowers, 23 So.3d at 771 (“We recognize that by relying on [Ferrer v. State, 785 So.2d 709 (Fla. 4th DCA 2001) ], the circuit court applied existing precedent from another district. Nevertheless, we grant certiorari relief on the basis that Ferrer misapplied the fellow officer rule and should be rejected. See Dep’t of Highway Safety & Motor Vehicles v. Nader, 4 So.3d 705 (Fla. 2d DCA 2009).”) (emphasis supplied). This case, like Nader, “will destabilize Florida’s delicate judicial ladder, opening the flood gates of second appeals to our already overworked and overburdened district courts of appeal as described by those appellate courts.” Nader, 87 So.3d at 728 (Lewis, J., dissenting).
Further, I disagree with the majority’s failure to address the jurisdictional question raised in the decision below. *712 “[C]ourts are bound to take notice of the limits of their authority and if want of jurisdiction appears at any stage of the proceedings, original or appellate, the court should notice the defect and enter an appropriate order.” Polk County v. Soflca, 702 So.2d 1243, 1245 (Fla.1997) (quoting West 132 Feet v. City of Orlando, 80 Fla. 233, 86 So. 197, 198-99 (1920)). Even though I disagree with the rule articulated by the majority in Nader, had the majority applied its own precedent to the facts presently before the Court, it would be forced to hold that the Second District improperly granted second-tier certiorari review. Instead, the majority fails to even once mention the Second District’s questionable reliance on Nader, sidestepping the inconvenient jurisdictional defect of the decision below to reach the merits.
Accordingly, I dissent.