# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KA-00914-COA

DANIEL ROY SNYDER A/K/A DANIEL SNYDER A/K/A DANIEL R. SNYDER

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 06/20/2014 |
| TRIAL JUDGE: | HON. DALE HARKEY |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: W. DANIEL HINCHCLIFF |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ABBIE EASON KOONCE |
| DISTRICT ATTORNEY: | ANTHONY N. LAWRENCE III |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF FELONY LEAVING THE SCENE OF AN ACCIDENT AND SENTENCED TO SIX YEARS, WITH FIVE YEARS SUSPENDED, ONE YEAR TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND FIVE YEARS' POSTRELEASE SUPERVISION |
| DISPOSITION: | AFFIRMED - 05/03/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND ISHEE, JJ.**

**LEE, C.J., FOR THE COURT:**

## PROCEDURAL HISTORY

¶1.     Daniel Snyder was convicted of felony leaving the scene of an accident. The Jackson County Circuit Court sentenced Snyder to six years, with five years suspended, one year to

serve in the custody of the Mississippi Department of Corrections, and five years' postrelease supervision. Snyder filed posttrial motions, which were denied. Snyder now appeals, asserting that the evidence was insufficient to support the guilty verdict.

**FACTS**

¶2. On February 22, 2013, around 6:40 p.m., Snyder was driving home and struck and killed Kaytlynn Brann. Brann, sixteen years old at the time, and Sarah Guy had been walking down Pointe Aux Chenes Road in Jackson County, Mississippi. Brann and her family lived in a subdivision, Rue Beaux Chenes, directly off Pointe Aux Chenes Road. Guy testified that Brann was walking in the road at the time of the accident. Snyder was an officer with the Pascagoula Police Department but was off duty at the time of the accident. It was later determined that Snyder was not at fault for the accident. However, witnesses indicated that Snyder left the scene of the accident for as long as fifteen minutes.

¶3. Corry Bialota was at Damien Orslene's house in the Rue Beaux Chenes subdivision when he heard screaming. Bialota testified that as he was running toward Brann, he noticed a dark-blue truck parked in one of the two entrances to the Rue Beaux Chenes subdivision. Bialota stated the truck was facing Pointe Aux Chenes Road and its passenger-side headlight was out. As he was attempting to render aid to Brann, Bialota saw a man standing beside the truck. Bialota testified this man walked toward Brann but did not attempt to render aid. The man stated, "I can't believe this is happening," and drove away. Bialota saw the truck return to the scene approximately ten to fifteen minutes later and park behind Deputy Hemakshiben Bhakta's car.

¶4.     Orslene testified that he was standing in his driveway with Bialota when he heard the truck drive past, then heard a thump. He saw the truck spin into the neighborhood. Orslene heard a scream and ran towards Brann. Orslene testified he saw a man standing at the edge of the road staring into the ditch where Brann had landed. This man stated, "I didn't see her," and "I dialed 911." Orslene noticed that at one point the truck had been moved from where he first saw it when he was running to help Brann.

¶5.     Deputy Bhakta, with the Jackson County Sheriff's Department, responded to the scene. She had received a call about a hit and run where the suspect had fled the scene in a dark-blue truck. Deputy Bhakta testified that she had been on the scene approximately seven to ten minutes when a truck pulled up and parked behind her patrol car. Snyder exited the truck, approached her, and admitted to hitting Brann with his truck. Deputy Bhakta testified she asked Snyder why he fled the scene and he responded that he did not know what he had hit and he went to turn around. Deputy Bhakta stated that Snyder did not appear to be impaired.

¶6.     Phillip Dick was delivering pizza to the subdivision around the time of the accident. He tried to turn into the subdivision but a dark-blue truck was parked in the entrance. The truck was facing Pointe Aux Chenes Road and had a broken headlight. Dick drove to the other entrance of the subdivision, delivered the pizza, and circled around to the entrance where the truck had been parked. Dick noticed the truck was no longer parked in the entrance to the subdivision. Dick, who was also a paramedic, parked his car nearby in order to assist and saw Deputy Bhakta's patrol car. Dick did not see a dark-blue truck parked near

3

Deputy Bhakta's patrol car at that time.

¶7.    Tanya Beachum, a 911 dispatcher, received a call from a man indicating he had hit a pedestrian on Pointe Aux Chenes Road. Beachum told the man to stay on the line, and the man stated, "All right, hurry up." The call was then disconnected. Beachum received another call shortly thereafter from the same man indicating he had hit a pedestrian on Pointe Aux Chenes Road. Beachum testified she then transferred the caller to the appropriate call center.

¶8.    Deputy Lance Eubanks, with the Jackson County Sheriff's Department, arrived on the scene after Deputy Bhakta and parked his patrol car behind Snyder's truck. At this point Snyder had returned to the scene and parked his truck behind Deputy Bhakta's patrol car. Deputy Eubanks spoke with Snyder, and he indicated that he had struck something, turned into the entrance of the subdivision, then turned around to go back to the scene to see what he had hit. Deputy Eubanks indicated Snyder did not appear impaired. At one point Snyder did admit to drinking several beers that day. A portable breath test was administered, which registered positive – indicating the presence of alcohol. At some point later, Snyder's blood was tested for the presence of alcohol. The test indicated Snyder's blood-alcohol content was .06%.

¶9.    Clifton Seay drove past the accident site and saw glass in the road and Brann's body in the ditch beside the road. Seay exited his car to help. He testified that he did not see a dark-blue truck nearby. Seay stated he spoke with Guy, and she indicated a dark-blue truck hit Brann. Seay testified that Deputy Bhakta's and Dick's cars were the next two to arrive

4

on the scene. Seay was on the scene for approximately fifteen minutes and never saw Snyder during that time period. Seay stated he did see Snyder when the ambulance arrived. Seay testified Snyder stated that he was an off-duty police officer, that he had hit Brann, and "that was the reason he returned to the scene of the accident." Seay also heard Snyder tell Deputy Bhakta that he left the scene because he did not realize he had hit someone.

## DISCUSSION

¶10. Snyder's sole issue on appeal is that the evidence was insufficient to support his conviction. Regarding whether the evidence was legally sufficient to support the verdict, we look to our standard of review. "[T]he critical inquiry is whether the evidence shows 'beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed[.]'" *Bush v. State*, 895 So. 2d 836, 843 (¶16) (Miss. 2005) (citation omitted). If, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found, beyond a reasonable doubt, that the essential elements of the crime existed, this Court will affirm the conviction. *Id*. The jury determines the credibility of witnesses and resolves conflicts in the evidence. *Davis v. State*, 866 So. 2d 1107, 1112 (¶17) (Miss. Ct. App. 2003).

¶11. Mississippi Code Annotated section 63-3-401(1) (Rev. 2013) states:

> The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of Section 63-3-405.

Mississippi Code Annotated section 63-3-405 (Rev. 2013) requires the driver to provide his

5

name, address, and vehicle registration number. Section 63-3-405 also requires the driver to render the victim "reasonable assistance."

¶12. Snyder argues that leaving the scene of the accident for a short period of time should not be a felony, since he did return to the scene and fulfilled the requirements of section 63-3-405. Snyder contends that he did not have the intent to evade responsibility. Although Snyder did return to the scene and admitted to hitting Brann, the fact remains that Snyder did leave the scene, and for as long as fifteen minutes. More than one witness testified to seeing Snyder leave the scene. And Snyder was aware that he had hit someone – there was testimony Snyder exited his truck, saw the victim, and then left the scene. According to the State, Snyder likely left the scene to cover up evidence that he had been drinking that day. We find the evidence was sufficient to support the verdict. This issue is without merit.

¶13. **THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT OF CONVICTION OF FELONY LEAVING THE SCENE OF AN ACCIDENT AND SENTENCE OF SIX YEARS, WITH FIVE YEARS SUSPENDED, ONE YEAR TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND FIVE YEARS' POSTRELEASE SUPERVISION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**