PER CURIAM.
Tate appeals the order revoking his probation and the resulting five-year sentence for lewd or lascivious molestation. He argues, and the State concedes, that the trial court lacked jurisdiction to revoke his probation and to sentence him when he had already served the maximum time allowed for the offense. We agree and reverse.
On April 29, 2002, the State filed a three-count amended information (“the Information”) against Ricky Lee Tate, Count I charged him with lewd or lascivious battery in violation of section 800.04(4), Florida Statutes. Counts II and III charged him with lewd or lascivious molestation in violation of section 800.04(5)(d), Florida Statutes.
On May 17, 2002, Tate entered pleas of guilty to Counts I and II as part of a negotiated plea agreement providing for a term of ten years’ imprisonment on Count I followed by 15 years’ probation on Count II. The trial court accepted Tate’s pleas and sentenced him in accordance with the plea agreement. The State filed a nolle prosequi on Count III.
On September 4, 2009, Tate began serving his fifteen-year probation sentence. On March 27, 2015, the State filed an affidavit charging Tate with violating the condition of his probation that prohibited him from unsupervised contact with minors. After a revocation hearing, the trial court revoked Tate’s probation and pronounced a sentence of five years’ imprisonment. This appeal follows.
The maximum sentence for lewd and lascivious molestation depends on the age of the offender and the age of the victim. Because Tate was in his thirties when he committed the. charged offenses and his victim was thirteen years old, he should have been charged under section 800,04(5)(c)2., a second-degree felony, which carries a 15-year maximum sentence. § 775.082(3)(d), Fla. Stat. Instead, Tate was charged and convicted — apparently erroneously — under section 800.04(5)(d), which involves an offender under 18 years of age and is a third-degree felony, carrying a five-year maximum sentence. § 775.082(3)(e), Fla. Stat. Because Tate was actually convicted of a third-degree felony in Count II, the 15-year sentence of probation was illegal.
Both the State and Tate agree that reversal is required because the trial court lost its jurisdiction once Tate served five years of his probation sentence. Where a defendant is sentenced to probation, and the duration of the probation exceeds what is authorized by statute, the trial court is without jurisdiction to revoke it or impose further sentence once the legal portion of the probation is successfully served. See Aponte v. State, 896 So.2d 836, 837 (Fla. 1st DCA 2005) (reversing sentences result- *537 mg from revocation proceedings in third-degree felony cases because trial court lost jurisdiction once appellant had spent five years incarcerated or on. probation); Mundorff v. State, 890 So.2d 1234, 1237 (Fla. 1st DCA 2005) (“Because appellant’s probation expired prior to his being charged with. violating the terms and conditions thereof, the trial court no longer had jurisdiction to conduct a revocation hearing.”); Yevchak v. State, 952 So.2d 1286, 1286-87 (Fla. 2d DCA 2007) (“Yevchak correctly contends that the trial court did not have jurisdiction to revoke his probation and sentence him further ... because he had already served in excess of five years on the third-degree felony.”); Gonzales v. State, 816 So.2d 720, 722 (Fla. 5th DCA 2002) (“If the combination of probation and prison term exceeds the statutory maximum and the maximum has been expended, the balance of the probation being invalid cannot be revoked and the defendant resentenced.”).
Here; Tate’s probation began on September 4, 2009. By March 30, 2015, the date on which the State filed its affidavit charging him with violating his probation, the legal portion of Tate’s fifteen-year probation sentence had been expired for over six months. See Yevchali, 952 So.2d at 1286-87 (holding that length of probation for third-degree felony cannot exceed five years). Accordingly, the trial court was without jurisdiction to revoke Tate’s probation and further sentence him.
We therefore reverse the revocation order and sentence with instructions to discharge Tate.
Reversed and remanded with directions.
THOMAS, WINOKUR, and JAY, JJ., concur.