799 So.2d 359 (2001)
Kevin ALIX, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-297.
District Court of Appeal of Florida, Third District.
November 7, 2001.
Bennett H. Brummer, Public Defender, Maria E. Lauredo and Roy A. Heimlich, Assistant Public Defenders, for appellant.
Robert A. Butterworth, Attorney General, and John D. Barker, Assistant Attorney General, for appellee.
Before COPE, GODERICH and SHEVIN, JJ.
GODERICH, Judge.
The defendant, Kevin Alix, appeals from his convictions and sentences. We affirm in part, reverse in part, and remand for resentencing consistent with this opinion.
*360 The jury found the defendant guilty of armed burglary, two counts of armed robbery, five counts of armed kidnapping, aggravated battery, simple battery, and improper exhibition of a firearm. Although the defendant had prior Canadian convictions, these convictions were not introduced at the sentencing hearing. The defendant was sentenced under the 1995 guidelines to eight concurrent life sentences and to one fifteen-year concurrent sentence.
During the pendency of this appeal, the defendant filed a motion to correct sentence, pursuant to Rule 3.800(b), Florida Rules of Criminal Procedure, on the ground that the 1995 guidelines were declared unconstitutional in Heggs v. State, 759 So.2d 620 (Fla.2000). The defendant sought to have his sentence vacated and to be resentenced under the 1994 guidelines.
More than sixty days after the 3.800(b) motion was filed, the trial court heard the matter. At the hearing, the State conceded that the defendant's sentence fell within the Heggs window period, see Trapp v. State, 760 So.2d 924 (Fla.2000), and that the defendant was entitled to be resentenced. The State, over objection, was permitted to introduce the defendant's Canadian conviction for "sexual assault" to support a non-guidelines habitual violent felony offender sentence. During the hearing, the trial court also gave several reasons justifying an upward departure sentence. The trial court sentenced the defendant as a habitual violent felony offender to life sentences with a fifteen-year minimum mandatory for the armed burglary and armed kidnapping charges and to thirty years with a ten-year minimum mandatory for the aggravated battery charge. The defense objected arguing that the habitual violent felony offender sentences were more severe that the original guidelines sentences. Thereafter, the trial court entered its written sentencing order.
First, we agree with the defendant's contention that because the order ruling on the motion to correct sentence was filed more than sixty days after the motion was filed, the motion is deemed denied and the order that was entered more than sixty days after the motion was filed is a nullity. Kimbrough v. State, 766 So.2d 1255, 1256 (Fla. 5th DCA 2000). As such, the defendant may raise these issues on direct appeal.
As the State has properly conceded, the defendant's sentence does fall within the Heggs window period, and therefore, the defendant's sentence must be vacated and he is entitled to resentencing. The question then becomes what sentence may be imposed upon resentencing.
During resentencing, the trial court sentenced the defendant as a habitual violent felony offender relying on the Canadian conviction of "sexual assault." A defendant may qualify as a habitual violent felony offender based on a foreign conviction as long as the foreign offense is "substantially similar in elements and penalties" to a qualifying offense in this state. See § 775.084(1)(e), Fla. Stat. (2001). Sexual battery is a qualifying offense under the habitual violent felony offender statute. See § 775.084(1)(b)(1)(b), Fla. Stat. (2001). However, as the State has properly conceded, the Canadian crime of "sexual assault" is broader than Florida's offense of sexual battery because the Canadian offense encompasses less serious conduct that is not punishable under Florida's sexual battery statute. See Robinson v. State, 692 So.2d 883 (Fla.1997). Therefore, on remand the defendant cannot be sentenced as a habitual violent felony offender. However, because the trial court at the original sentencing hearing did not recognize that it was imposing a departure *361 sentence, the trial court may consider on remand whether "departure is appropriate and, if so, to set forth valid reasons for departure." See State v. Betancourt, 552 So.2d 1107, 1108 (Fla.1989); Lovett v. State, 773 So.2d 574, 576 (Fla. 3d DCA 2000)(holding that "since the [trial] court mistakenly believed that habitualization was permissible ..., the [trial] court may in its discretion consider a departure sentence at resentencing.").
Finally, the points raised by defendant challenging his convictions either lack merit or were not preserved for appellate review.
Accordingly, we affirm in part, reverse in part, and remand for resentencing.[1]
NOTES
[1] The defendant must be present in the courtroom during resentencing. See Fla. R.Crim. P. 3.180(a)(9).