833 So.2d 870 (2003)
Chavis JEAN-MARIE, Appellant,
v.
STATE of Florida, Appellee.
Nos. 4D01-3240, 4D01-3578.
District Court of Appeal of Florida, Fourth District.
January 2, 2003.
Carey Haughwout, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Richard E. Doran, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The defendant appeals his revocation of probation in two separate case numbers. We affirm one and reverse the other.
The trial court placed the defendant on probation in 1999 in two cases, lower case numbers 99-8348 and 99-8820. Each case number had a separate order of supervision of probation. The probation officer filed an affidavit of violation listing only case number 99-8348. The subsequent arrest warrant in the record listed only case number 99-8348.
*871 At the revocation hearing, the State pursued revocation in both case numbers, and the defendant contested the merits of the violations but did not object to the additional violation count. When pronouncing sentence, the trial court examined the warrant and then revoked probation in both cases.
On the record before us, both the affidavit and the warrant alleged violation in case number 99-8348 only. We hold that it was fundamental error to revoke probation in case number 99-8820 where neither the affidavit of violation nor the warrant alleged a violation in that case. The trial court did not have jurisdiction to enter revocation in that case without a charging document. Therefore, we affirm the revocation in case number 99-8348 but reverse the revocation in case number 99-8820. Upon remand, the trial court may reconsider entering revocation if the State files the proper affidavit and warrant.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
GUNTHER, FARMER, JJ., and STREITFELD, JEFFREY E., Associate Judge, concur.