873 So.2d 1239 (2004)
Tracy TUCKER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-5571.
District Court of Appeal of Florida, Second District.
May 26, 2004.
*1240 James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
Tracy Tucker appeals her judgments and sentences in circuit court case numbers 96-16202, 96-19074, 97-13442, 97-15856, 98-7951, 99-5642, 99-6228, 99-11150, 99-17257, 00-976, 02-7796, and 02-7335. She contends that the sentencing errors raised in her motion to correct sentence[1] in case numbers 96-16202, 96-19074, 97-13442, 97-15856, 98-7951, and 00-976 must be corrected and that said correction will require resentencing in the remaining cases. The State agrees with part of Tucker's argument. We affirm in part and reverse in part.

Circuit Court Case Numbers 96-16202, 96-19074, 97-13442, 97-15856
In case numbers 96-16202 and 96-19074, Tucker pleaded guilty to two third-degree felonies in each case and was placed on probation on February 24, 1997. Her probation was subsequently revoked based on technical violations as well as new law violations. Those new law violations were also third-degree felonies and formed the bases of case numbers 97-13442 and 97-15856. On November 3, 1997, Tucker was placed on concurrent terms of one year of community control followed by one year of drug offender probation in all four cases. Six times before the current judgments and sentences were imposed, Tucker violated various terms of community supervision upon which she had been placed by committing new law violations as well as *1241 technical violations. Tucker argues that when the trial court revoked her probation and imposed the forty-month prison sentences in case numbers 96-16202, 96-19074, 97-13442, and 97-15856, she had served more than the statutory maximum of five years for the third-degree felonies of which she was convicted in those cases. Thus, she contends, because she was not legally on probation at the time it was revoked, the trial court was without jurisdiction to revoke her probation and sentence her to prison.
We agree with Tucker's argument, but we agree with the State that it is correct only with regard to case numbers 96-16202 and 96-19074. Tucker began her community supervision in case numbers 97-13442 and 97-15856 several months later than she began her supervision in case numbers 96-16202 and 96-19074, and therefore, she was legally on probation in case numbers 97-13442 and 97-15856 when she violated the terms thereof. See Collins v. State, 697 So.2d 1305 (Fla. 4th DCA 1997). Consequently, the trial court did not err in revoking Tucker's probation in case numbers 97-13442 and 97-15856 and sentencing her to a term of imprisonment.

Circuit Court Case Numbers 98-7951 and 00-976
Tucker argues that the trial court improperly revoked her probation in these cases and sentenced her to forty-month prison terms because these case numbers were never included in any of the affidavits and amended affidavits of violation of probation, nor the warrants, that led to the revocation of her community supervision in the other cases. The State concedes this fact. See Jean-Marie v. State, 833 So.2d 870 (Fla. 4th DCA 2003). Accordingly, we reverse Tucker's judgments and sentences in case numbers 98-7951 and 00-976. As the State points out, "[u]pon remand, the trial court may reconsider entering revocation if the State files the proper affidavit and warrant." Id. at 871.
Accordingly, we affirm Tucker's judgments and sentences in case numbers 97-13442 and 97-15856; we reverse her judgments and sentences in case numbers 96-16202 and 96-19074 and remand with directions that they be stricken; we reverse her judgments and sentences in case numbers 98-7951 and 00-976 and remand with directions that they be stricken; and we remand for resentencing in the remaining cases that Tucker has appealed if the trial court determines that the reversal in case numbers 96-16202 and 96-19074 so requires.
Affirmed in part, reversed in part, and remanded with directions.
NORTHCUTT and VILLANTI, JJ., Concur.
NOTES
[1] The trial court entered an order denying Tucker's motion, but the order was untimely, and therefore, it was a nullity. See Jackson v. State, 793 So.2d 117 (Fla. 2d DCA 2001). However, Florida Rule of Criminal Procedure 3.800(b) provides that a motion that is not ruled upon is deemed denied, thereby preserving the alleged sentencing errors for appellate review. Id.