PER CURIAM.
Defendant appeals the denial of his rule 3.800(a) motion to correct an illegal sentence, arguing that his sentence is illegal because it exceeds the statutory maximum for a second degree felony and that he should be resentenced. We agree.
Defendant was convicted of DUI manslaughter for an offense in 1992. He was originally sentenced to eight years in prison followed by three years probation. After violating probation, he was sentenced in 1998 to eleven and a half years in prison, followed by two years probation. On September 26, 2003, he entered a plea admitting a violation of his probation. His probation was reinstated and extended four years from the original termination date.
Appellant’s total sentence of 11.5 years in prison followed by six years probation exceeds the statutory maximum for DUI manslaughter, a second degree felony. § 316.193(3)(c)3, Fla. Stat. (1992); § 775.082(3)(c), Fla. Stat. (1992).
The attached records and the state’s arguments do not refute this claim. The state suggests that his sentence is not illegal because the amount of time he actually served is within the statutory maximum. The state also argues that he is not entitled to credit for 11.5 years because he did not serve this entire sentence. Notwithstanding the amount of time he served in prison or the credit he received, the sentence imposed, which totals 17.5 years, exceeds the maximum allowed by law. See Gonzales v. State, 816 So.2d 720, 722 (Fla. 5th DCA 2002) (observing “after revocation of probation, the combination of sanctions (prison term and probation) cannot exceed the statutory maximum for the underlying offense”).
Accordingly, we reverse and remand for resentencing within the statutory maximum.
FARMER, C.J., GUNTHER and TAYLOR, JJ., concur.