933 So.2d 26 (2006)
Michael AGOSTO-MOLINA, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D05-5373.
District Court of Appeal of Florida, Second District.
May 3, 2006.
*27 Michael Agosto-Molina, pro se.
Charles J. Crist, Jr., Attorney, Tallahassee, and Tiffany Gatesh Fearing, Assistant Attorney General, Tampa, for Respondent.
DAVIS, Judge.
Michael Agosto-Molina, in his petition filed pursuant to Florida Rule of Criminal Procedure 9.141(c), raises a single ground alleging ineffective assistance of appellate counsel. He claims that appellate counsel was ineffective in failing to argue on direct appeal that the sentence imposed on his conviction for attempted second-degree murder was illegal because it violated the statutory maximum or, in the alternative, for failing to file a Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct the sentencing error. We agree that appellate counsel rendered ineffective assistance when he failed to file a rule 3.800(b)(2) motion to correct the sentence on the attempted second-degree murder conviction.
Agosto-Molina pleaded guilty to attempted second-degree murder and discharging a firearm from a vehicle in exchange for a cap of ten years' prison with the prison sentence to be followed by a period of probation. On the attempted second-degree murder conviction, Agosto-Molina was sentenced to eight years' prison followed by ten years' probation. Attempted second-degree murder is a second-degree felony punishable by up to fifteen years' imprisonment.[1] §§ 782.04(2), 777.04(4)(c), 775.082(3)(c), Fla. Stat. (2001). A combined sentence of prison and probation which exceeds the statutory maximum for an offense is an illegal sentence. See Schmidt v. State, 884 So.2d 471, 472 (Fla. 4th DCA 2004). However, to preserve this issue for review on direct appeal, a defendant must either object or file a motion to correct sentencing error pursuant to rule 3.800(b). See Washington v. State, 814 So.2d 1187, 1189 (Fla. 5th DCA 2002); Drayton v. State, 791 So.2d 522, 524 (Fla. 4th DCA 2001). In the present case, there was no objection and no rule 3.800(b) motion was filed.
In Hakkenberg v. State, 889 So.2d 935, 937 (Fla. 2d DCA 2004), this court held: "Appellate counsel's failure to preserve the sentencing error in this case for review by neglecting to file a rule 3.800(b)(2) motion in the trial court constitutes ineffective assistance of appellate counsel." The same principle applies here. *28 We therefore hold that appellate counsel was ineffective for failing to file a rule 3.800(b)(2) motion to correct sentencing error on the basis that Agosto-Molina's sentence on the attempted second-degree murder conviction exceeded the statutory maximum for that offense. Had appellate counsel preserved this issue for review, we would have been compelled to reverse the sentence. Because a new appeal would be redundant in this case, we reverse Agosto-Molina's sentence on the second-degree murder conviction and remand for resentencing. See id. On remand, the trial court shall impose a sentence that does not exceed the statutory maximum for the offense.
Petition granted.
STRINGER and SILBERMAN, JJ., Concur.
NOTES
[1] Under the Criminal Punishment Code, where the statutory maximum for an offense is exceeded by the lowest permissible sentence as calculated on the Criminal Punishment Code scoresheet, "the lowest permissible sentence under the Code becomes the maximum sentence which the trial judge can impose." Butler v. State, 838 So.2d 554, 556 (Fla.2003). However, in the present case, the lowest permissible sentence under the code was 6.5 years' prison.