961 So.2d 1135 (2007)
Patrick Lee MANNING, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-794.
District Court of Appeal of Florida, Second District.
August 15, 2007.
James Marion Moorman, Public Defender, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Chandra Waite Dasrat, Assistant Attorney General, Tampa, for Appellee.
*1136 SILBERMAN, Judge.
Patrick Lee Manning appeals his sentences for three counts of aggravated assault entered following the trial court's revocation of his probation. He also challenges the order denying his motion to withdraw plea on the three counts of aggravated assault and one count of aggravated battery. We reverse the sentences for the aggravated assaults because the trial court lacked jurisdiction to revoke Manning's probation when he had already served the statutory maximum for those offenses.[1] We affirm the order denying the motion to withdraw plea without discussion.
The State charged Manning with aggravated battery and three counts of aggravated assault for events that occurred in November 1998. After he entered a guilty plea, the trial court sentenced Manning for all four crimes. Pertinent to this appeal are the sentences on the aggravated assaults, for which the trial court sentenced Manning to five years in prison, suspended, and placed him on three years' probation. In August 2000, the trial court revoked Manning's probation and, as to the aggravated assaults, sentenced him to five years in prison followed by three years' probation. In November and December 2005, and in January 2006, Manning was charged with violating several conditions of his probation. He admitted to the violations, and on January 10, 2006, the trial court sentenced him to five years in prison for the aggravated assaults.
Manning then filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). He argued that the August 2000 sentences of five years in prison followed by three years' probation were illegal because they exceeded the statutory maximum penalty for third-degree felonies, and, therefore, that the probationary portion of the sentences should be stricken. He further argued that because he was not legally on probation following the completion of the prison portion of his sentences, the prison sentences imposed in January 2006 for violating probation were illegal.
After the sixty-day time limit expired under rule 3.800(b), the trial court granted relief and vacated the sentences on the aggravated assault charges. However, an order on a rule 3.800(b) motion entered after the sixty-day time limit is a nullity, and the motion is deemed denied. See Whitmore v. State, 910 So.2d 308, 308 (Fla. 2d DCA 2005); Alix v. State, 799 So.2d 359, 360 (Fla. 3d DCA 2001).[2]
As to the merits of Manning's challenge to his current sentence, it is well established that the combined terms of incarceration and probation must not exceed the statutory maximum for the offense. See Baker v. State, 652 So.2d 431, 432 (Fla. 2d DCA 1995); Gonzales v. State, 816 So.2d 720, 721 (Fla. 5th DCA 2002). When the trial court imposed the sentence of five years in prison to be followed by three years' probation in August 2000, it exceeded the statutory maximum of five years for a third-degree felony. See *1137 § 775.082(3)(d), Fla. Stat. (Supp.1998). Thus, Manning was illegally on probation and the trial court had no jurisdiction when it revoked his probation in 2006 and resentenced him on the aggravated assault charges. See Tucker v. State, 873 So.2d 1239, 1241 (Fla. 2d DCA 2004). Therefore, we reverse the three sentences for aggravated assault imposed in January 2006 and remand for the trial court to strike those sentences. Because the present appeal is of the January 2006 sentencing order, that portion of Manning's argument that seeks to have the probationary periods imposed in August 2000 on the aggravated assault charges stricken is not properly before us. But in light of our disposition here, it appears that the claimed error as to probation, contained in the August 2000 sentence, is now moot.
Affirmed in part and reversed in part.
STRINGER and VILLANTI, JJ., Concur.
NOTES
[1] Our disposition of this case does not affect Manning's sentence for aggravated battery.
[2] We note that Manning was not required to file a rule 3.800(b)(2) motion while this appeal was pending to preserve this issue for review. This court recognized in Tucker v. State, 873 So.2d 1239, 1241 (Fla. 2d DCA 2004), that because the defendant had already served the statutory maximum for the offense, she was not legally on probation and the trial court was without jurisdiction to revoke her probation and to resentence her. Where a trial court lacks jurisdiction to resentence a defendant, the issue need not be preserved for review. See Aponte v. State, 896 So.2d 836 (Fla. 1st DCA 2005).