LAWSON, J.
 

 Robert B. Taylor timely appeals his convictions and sentences for trafficking in cocaine, possession of a firearm by a convicted felon, possession of cannabis with intent to sell within 1,000 feet of a public housing facility, possession of methadone, possession of alprazolam (xanax), and possession of diazepam (valium).
 
 [1]
 
 Taylor contends that the trial court erred in denying his motion to suppress, abused its discretion in admitting evidence of court documents that prejudicially indicated collateral criminal activity on his part, and erred in denying his motion to correct sentence. We find no error in the denial of Taylor’s motion to suppress or in admission of the documents. Neither issue warrants detailed analysis.
 
 [2]
 
 However, we agree with Taylor that two sentencing errors require correction, and reverse as to those issues. Taylor was sentenced as follows: fifteen years incarceration for the trafficking in cocaine offense, five years incarceration and ten years drug offender probation for the possession of a firearm by a convicted felon offense to run consecutive to count I, and concurrent five years incarceration for the remaining counts — possession of cannabis with intent to sell within 1,000 feet of a public housing facility and the three third degree drug possession offenses. Taylor was given 512 days as credit for time incarcerated before imposition of the sentence as to count I.
 

 Taylor correctly contends that the trial court erred in denying his motion to correct sentence because drug offender probation is not authorized for the crime of possession of a firearm by a convicted felon.
 
 See, e.g., Andrew v. State,
 
 988 So.2d 158 (Fla. 4th DCA 2008) (recognizing that a defendant may not be sentenced to drug offender probation unless he has been convicted of an enumerated drug offense or has specifically agreed to such probation in a plea agreement);
 
 State v. Roper,
 
 915 So.2d 622 (Fla. 5th DCA 2005) (recognizing
 
 *312
 
 that the drug offender probation statute applies only to violations of statutory sections that prohibit the purchase or possession of certain controlled substances).
 

 Additionally, Taylor challenges the trial court’s imposition of a $100 operating trust fund fee without making a finding that he has the ability to pay the fine. On appeal, the State agreed to have this fee stricken from Taylor’s sentence.
 

 Accordingly, we affirm Taylor’s convictions and reverse with directions that the $100 operating trust fund fee be stricken and that Taylor’s drug offender probation be converted to regular probation. On remand, the trial court may add special conditions of probation related to substance abuse, provided that any special conditions added comply with the requirements of
 
 Biller v. State,
 
 618 So.2d 734 (Fla.1993).
 
 See Andrew,
 
 988 So.2d at 159. In all other respects, Taylor’s sentences are affirmed.
 

 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 

 PALMER, C.J., and MONACO, J„ concur.
 

 [1]
 

 . §§ 893.135(1)(b), 893.03(2)(a)4.; 790.23, 775.087(2)(a)1.; 893.03(1)(c)7„ 893.13(1)(f)2.; 893.13(6)(a), 893.03(2)(b)14.; 893.13(6)(a), 893.03(4)(a); 893.13(6)(a), 893.03(4)(p); Fla. Stat. (2006), respectively.
 

 [2]
 

 . With respect to the first issue, Taylor claims that the affidavit used to obtain a search warrant in his case was not supported by probable cause because it was based upon an anonymous tip about drug sales at his residence. However, the tip was also corroborated by law enforcement, as outlined in the affidavit. The corroboration included surveillance at the apartment, which confirmed that drug transactions were being conducted there. This clearly provided the issuing magistrate with a sufficient basis to conclude that probable cause existed to support issuance of the search warrant.
 
 See, e.g., Marsdin v. State,
 
 813 So.2d 260, 261 (Fla. 4th DCA 2002);
 
 League v. State,
 
 778 So.2d 1086, 1087 (Fla. 4th DCA 2001). With respect to the second issue, the documents were used to show that Taylor lived at the apartment, and were clearly relevant in that they tended to prove his control over the apartment, an issue in the case. While defense counsel initially objected to admission of the documents (a noise citation mailed to Taylor at the subject address and a letter from another individual mailed from Hardee Correctional Institution), counsel later agreed to admission of the documents after they were redacted to remove any references deemed prejudicial.