SILBERMAN, Judge.
 

 Darren Eric Nelson appeals the revocation of his probation and resulting judgments and sentences in four circuit court cases for which he received a total sentence of ten years in prison. We reverse the revocation of probation and resulting judgments and sentences in circuit court case numbers 07-CF-14023, 07-CF-14037, and 07-CF-15211. We affirm the revocation of probation and resulting judgment and five-year sentence in circuit court case number 07-CF-9602.
 

 Nelson entered into four separate plea agreements on his four cases, and each agreement called for 180 days in jail followed by twenty-four months of probation. On November 2, 2007, the trial court entered four separate judgments and sentences, imposing concurrent sentences in all four cases. A single order stating the conditions of community supervision and listing all four case numbers was filed on December 10, 2007.
 

 An affidavit of violation of probation that listed only case number 07-CF-9602 was filed on December 10, 2007, and refiled on January 17, 2008, alleging two violations of condition five and one violation of condition
 
 *166
 
 nine. A violation of probation (VOP) hearing was held on February 25, 2008. The State points out that the case progress notes for each of the four cases reflects that notice was sent that a VOP hearing would be held on February 25, 2008.
 

 At the VOP hearing, the trial court found that Nelson willfully and substantially violated his probation by committing the new law offense of burglary, one of the violations alleged in the affidavit. The trial court revoked probation in all four cases and imposed a five-year sentence in case number 07-CF-9602, consecutive to the concurrent five-year sentences imposed in case numbers 07-CF-14023, 07-CF-14037, and 07-CF-15211, for a total sentence of ten years in prison.
 

 On appeal, Nelson contends that the trial court improperly revoked his probation in the three cases for which no affidavit of violation of probation was filed. It is fundamental error to revoke probation in a case when the State fails to allege a violation of probation for that particular case number.
 
 See Jean-Marie v. State,
 
 833 So.2d 870, 871 (Fla. 4th DCA 2003).
 

 In
 
 Jean-Marie,
 
 the trial court revoked probation in two cases although the affidavit of violation listed only one case number. The Fourth District held “that it was fundamental error to revoke probation in case number 99-8820 where neither the affidavit of violation nor the warrant alleged a violation in that case. The trial court did not have jurisdiction to enter revocation in that case without a charging document.”
 
 Id.
 
 In
 
 Tucker v. State,
 
 873 So.2d 1239, 1241 (Fla. 2d DCA 2004), this court cited
 
 Jean-Marie
 
 and determined that the trial court improperly revoked Tucker’s probation in two circuit court cases because the “case numbers were never included in any of the affidavits and amended affidavits of violation of probation, nor the warrants, that led to the revocation of her community supervision in the other cases.”
 

 The State contends that Nelson’s cases were so interconnected that everyone proceeded as though they were one case. Although it appears from the transcript of the sentencing hearing that Nelson was aware that the revocation hearing was held on all four cases, the State never filed an affidavit alleging violations in case numbers 07-CF-14023, 07-CF-14037, and 07-CF-15211.
 

 We note that the record contains a single community supervision order with four case numbers on it, while in
 
 Jean-Marie,
 
 the court noted that “[e]ach case number had a separate order of supervision of probation.” 833 So.2d at 870. Although there was only one order of community supervision here, Nelson entered into separate plea agreements, and the trial court entered separate judgments and sentences on each case. It does not appear from our record that the cases were ever formally consolidated. Similar to the situations in
 
 Tucker
 
 and
 
 Jean-Marie,
 
 without any allegation that Nelson violated his probation in three of his cases, we must reverse the revocation of probation in those cases.
 

 Thus, we reverse the revocation of probation and resulting judgments and sentences in case numbers 07-CF-14023, 07-CF-14037, and 07-CF-15211. As this court recognized in
 
 Tucker,
 
 “ ‘[ujpon remand, the trial court may reconsider entering revocation if the State files the proper affidavit and warrant.’ ” 873 So.2d at 1241 (alternation in original) (quoting
 
 Jean-Marie,
 
 833 So.2d at 871).
 

 Affirmed in part, reversed in part, and remanded.
 

 DAVIS and WALLACE, JJ., Concur.