MORRIS, Judge.
 

 Henry James Rivers appeals his convictions and sentences for two counts of burglary of an unoccupied dwelling and one count of grand theft, specifically challenging his prison releasee reoffender (PRR) sentence for grand theft. Grand theft is not a qualifying offense under the PRR statute. § 775.082(9)(a)(1), Fla. Stat. (2007). Therefore, Rivers could not have been sentenced as a PRR on that offense. The State agrees that Rivers should be resentenced to a non-PRR sentence on the grand theft count.
 
 See Tucker v. State,
 
 864 So.2d 580, 581 (Fla. 2d DCA 2004) (holding that when an illegal sentence is the result of a negotiated plea agreement with the State, the State has the option of agreeing to the resentencing or withdrawing from the plea agreement).
 

 In response to a motion to correct sentencing error filed by Rivers, the trial court correctly eliminated the PRR designation from Rivers’ grand theft sentence, but it did so too late because sixty days had already passed, which rendered the corrected sentence a nullity.
 
 See
 
 Fla. R.Crim. P. 3.800(b)(2)(B), (b)(1)(B);
 
 Manning v. State,
 
 961 So.2d 1135, 1136 (Fla. 2d DCA 2007). The sixty-day limitation in the rule is jurisdictional, see
 
 Manning,
 
 961 So.2d at 1136, and therefore, even a corrected sentence that is sought by the defendant and agreed to by the State cannot be imposed by the court upon the stipulation of the parties because it is fundamental that parties cannot stipulate to confer jurisdiction on the court,
 
 see Metellus v. State,
 
 900 So.2d 491, 495 (Fla.2005).
 

 Accordingly, we reverse Rivers’ sentence for grand theft and remand for re-sentencing on that count only.
 

 
 *348
 
 Affirmed in part, reversed in part, and remanded.
 

 DAVIS and VILLANTI, JJ., Concur.