FULMER, CAROLYN K, Judge.
Tracy Gauthier Fortner, in her petition filed pursuant to Florida Rule of Appellate Procedure 9.141(c), raises two grounds alleging ineffective assistance of appellate counsel. We grant the petition as it relates to one of the grounds, and we deny, without comment, the remaining ground.
Fortner was convicted after jury trial of trafficking in cocaine in violation of section 893.135(l)(b)(l)(a), Florida Statutes (2006). The trial court sentenced her to forty-five months in prison with a three-year minimum mandatory prison sentence, followed by sixty months of drug offender probation. The judgment and sentence were affirmed on direct appeal. Fortner v. State, 3 So.3d 326 (Fla. 2d DCA 2009) (table decision). In ground one of the petition, Fortner contends that counsel was ineffective in failing to file a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) on the basis that drug offender probation was not a statutorily authorized sanction for the offense of trafficking in cocaine. A claim that counsel was ineffective in failing to file a rule 3.800(b)(2) motion to correct sentencing error when the sentence imposed is not authorized by law is cognizable in a petition alleging ineffective assistance of counsel. See Agosto-Molina v. State, 933 So.2d 26, 27-28 (Fla. 2d DCA 2006).
Section 948.20, Florida Statutes (2006), authorizes drug offender probation for chronic drug abusers whose criminal conduct is a violation of sections 893.13(2)(a) or (6)(a), Florida Statutes (2006). Because Fortner was convicted of violating section 893.135(l)(b)(l)(a), Florida Statutes (2006), the trial court could not legally sentence her to drug offender probation. See, e.g., Anderson v. State, 941 So.2d 446 (Fla. 4th DCA 2006) (holding that the imposition of drug offender probation for sale of cocaine constituted an illegal sentence under rule 3.800(a)). A sentencing error that can be preserved for appeal under rale 3.800(b)(2) is an error in *1277 the sentence itself. Jackson v. State, 983 So.2d 562, 578 (Fla.2008). This encompasses any illegal sentence claim that could be raised under rule 3.800(a). Id. at 573-74.
We therefore hold that appellate counsel was ineffective for failing to file a rule 3.800(b)(2) motion to correct sentencing error on the basis that the drug offender portion of Fortner’s sentence was illegal because it was not authorized by law. Because a new appeal would be redundant in this instance, see Agosto-Moli-na, 933 So.2d at 28, we remand to the trial court with instructions that Fortner’s drug offender probation be converted to regular probation. On remand, the trial court, at a hearing with Fortner present, may add special conditions of probation related to substance abuse, provided that the special conditions comply with the requirements of Biller v. State, 618 So.2d 734 (Fla.1993). See Taylor v. State, 17 So.3d 310, 312 (Fla. 5th DCA 2009).
Petition denied in part, and granted in part.
NORTHCUTT and SILBERMAN, JJ., Concur.