PER CURIAM.
The defendant appeals his resentencing for three counts of dealing in stolen property and two counts of giving false information to a pawnbroker. He argues that the circuit court erred in failing to orally pronounce his drug offender conditions of probation at the resentencing. The state argues that the defendant failed to preserve this issue through the filing of a Florida Rule of Criminal Procedure 3.800(b) (2012) motion to correct sentencing error before this appeal or while this appeal was pending.
We agree with the state. Although the defendant filed a rule 3.800(b) motion which led to his resentencing, he did not file another rule 3.800(b) motion after his resentencing based on the new alleged sentencing error. Thus, we affirm without prejudice to the defendant filing a Florida Rule of Criminal Procedure 3.850 (2012) motion based on the failure to file a second rule 3.800(b) motion. See Fortner v. State, 23 So.3d 1275, 1276 (Fla. 2d DCA 2010) (“A claim that counsel was ineffective in failing to file a rule 3.800(b)(2) motion to correct sentencing error ... is cognizable in a petition alleging ineffective assistance of counsel.”).

Affirmed without prejudice.

STEVENSON, MAY and GERBER, JJ., concur.