NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

EARL BUTLER, )
)
Petitioner, )
)
v. ) Case No. 2D15-3377
)
STATE OF FLORIDA, )
)
Respondent. )
_____ )

Opinion filed June 17, 2016.

Petition Alleging Ineffective Assistance
of Appellate Counsel. Highlands County;
Anthony L. Ritenour, Acting Circuit Judge.

Earl Butler, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan D. Dunlevy,
Assistant Attorney General, Tampa, for
Respondent.

KHOUZAM, Judge.

Earl Butler has filed a timely petition under Florida Rule of Appellate

Procedure 9.141(d) alleging that appellate counsel was ineffective. We find merit only

in ground five of Butler's petition; we deny the remaining grounds of his petition.

A jury found Butler guilty of two counts of battery on a law enforcement

officer, resisting officers with violence, possession of cocaine with intent to sell or deliver

within 1000 feet of a church, possession of cannabis with intent to sell or deliver within 1000 feet of a church, and possession of drug paraphernalia.  The trial court sentenced Butler as a habitual felony offender to concurrent terms of ten years' imprisonment for the battery and resisting counts (each with a five-year mandatory minimum as a prison releasee reoffender (PRR)), thirty years' imprisonment for the possession of cocaine count, fifteen years' imprisonment for the possession of cannabis count, and time served on the drug paraphernalia count.

In ground five of his petition, Butler correctly argues that his appellate counsel was ineffective for failing to file a motion under Florida Rule of Criminal Procedure 3.800(b)(2) alleging that his battery convictions did not qualify for enhancement under the PRR statute.[1]  See Walker v. State, 965 So. 2d 1281, 1283 (Fla. 2d DCA 2007) (holding that battery on a law enforcement officer is not an offense that qualifies a person for an enhanced PRR sentence).  Thus, if appellate counsel had given the trial court the opportunity to correct the sentencing error by filing a rule 3.800(b)(2) motion and the court failed to do so, the issue would have been preserved for review.  This court would have then been compelled to reverse Butler's battery sentences and remand for the court to resentence Butler without the illegal PRR enhancements.  Accordingly, because a new appeal would be redundant, we reverse Butler's sentences for the two counts of battery on a law enforcement officer and

---

[1]"A claim that counsel was ineffective in failing to file a rule 3.800(b)(2) motion to correct sentencing error when the sentence imposed is not authorized by law is cognizable in a petition alleging ineffective assistance of counsel." Fortner v. State, 23 So. 3d 1275, 1276 (Fla. 2d DCA 2010) (citing Agosto-Molina v. State, 933 So. 2d 26, 27-28 (Fla. 2d DCA 2006)).

remand for resentencing without the PRR enhancements.  See Rivers v. State, 17 So. 3d 347, 347 (Fla. 2d DCA 2009).

Petition denied in part and granted in part.

LaROSE and SALARIO, JJ., Concur.